JOHN BOYD

*v.*

JAMES FULLERTON.

*Filed at Mt. Vernon June 16, 1888.*

1. HOMESTEAD—*what embraced in the exemption.* Where, at the time of the rendition of a judgment against a party, he was occupying, as his homestead, four contiguous lots, inclosed together, not exceeding in value $1000, they will be exempt from sale under such judgment, he continuing to occupy the same, and being the head of a family.

2. SAME—*acquiring a new homestead—as to intervening judgments.* Where the head of a family has sold his homestead, and secured another lot of ground and erected thereon a dwelling, with the manifest intention of making it a homestead, and actually does move upon it within a reasonable time, and its value is not in excess of $1000, he will be protected in the same against a judicial sale upon an intervening judgment.

3. At the time of the recovery of a judgment against a party, the head of a family, residing with the same, he had sold a former homestead and purchased lots for another, which he had in possession, upon which he was erecting a dwelling house, which was, within a reasonable time thereafter, completed, and he then, with his family, moved into the same, and occupied it until his death. The whole property did not exceed $1000 in value. The property so constituting the new homestead was sold upon execution under the judgment, and a sheriff's deed made: *Held,* that the property was exempt from sale, and that the sale and sheriff's deed were void.

Appeal from the Circuit Court of Perry county; the Hon. William H. Snyder, Judge, presiding.

Mr. John Boyd, and Mr. W. K. Murphy, for the appellant:

Only such occupancy is required as the circumstances will admit. *Neal* v. *Coe,* 35 Iowa, 410; Thompson on Homsteads, 252.

A purchase of a homestead with a view to occupancy, followed by occupancy within a reasonable time, may secure, *ab initio,* a homestead inviolability. *Hubbell* v. *Canaday,* 58 Ill. 425; *Nichols* v. *Spremont,* 111 id. 631; *Edwards* v. *Freeze,* 9 Kan. 417; Thompson on Homesteads, 248, 249.

Mr. John Michan, and Mr. R. W. Davis, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court.:

On the 31st day of October, 1887, the appellee, James Fullerton, obtained a judgment in the circuit court of Perry county, in an action of ejectment, against the appellant, John Boyd, for the recovery of lots 3 and 4, in Ozburn's second addition to the town of Pinkneyville. The present appeal is from that judgment.

The appellee claims title through a judgment by confession against one Isaac Craig, the former owner of the property, an execution sale and sheriff's deed. The defense to the action is of a two-fold character. It is claimed by appellant, in the first place, that the judgment against Craig, and upon which appellee's title depends, is void, on the ground that the court had no jurisdiction over the person of the defendant at the time it was rendered. It is further claimed by appellant, that the lots in question, together with the adjoining lots 1 and 2, at the time said so-called judgment was rendered, constituted the homestead of the said Isaac Craig, and that the four lots, all together, did not exceed $1000 in value. Conceding this to be so, of course appellee acquired no title by reason of his

purchase and sheriff's deed. In the view we are inclined to take of the last question it will not be necessary to consider the first.

The judgment in question was rendered on the 30th of September, 1868, the sale made on the 15th of May, 1869, and the sheriff's deed on the 2d of February, 1871. At the time the judgment was obtained, the four lots were in the actual possession of Craig. The entire property was enclosed with a fence, and he was then engaged in building upon it a dwelling house for himself and family, which was already far advanced towards completion, and into which he and his family moved in the month of November following, where, as head of the family, he continued to occupy the same as a homestead up to the time of his death, which occurred a few months afterwards. The evidence tends to show, that before the improvement of this property Craig had sold his homestead, and that he and his family were occupying rented premises while the property in question was being prepared for occupancy. The evidence is somewhat conflicting as to the value of the four lots, including the improvements thereon. Some of the witnesses fix it at from $1100 to $1300, yet by the decided weight of evidence its value is shown not to have exceeded $1000. As the four lots were contiguous property, and did not exceed in value $1000, it is very clear that if Craig and family had moved into the house in course of construction even a day before the date of the judgment, the whole property would have been protected, as a homestead, from sale under judicial process. So far there can be no dispute. But the question is, where the head of a family has sold his homestead, and has secured another lot of ground and erected thereon a dwelling, with the manifest intention of making it a homestead, and actually does move into it within a reasonable time, will an intervening judgment, followed by a judicial sale and sheriff's deed, cut off or bar all his rights in the property under the Homestead law? In other words, is the head of a family under all cir-

cumstances bound, at his peril, to move his family upon the homestead premises before his rights under the Homestead act will attach. We do not think so. Our conclusion upon this question is fully sustained by the following authorities: *Neal* v. *Coe*, 35 Iowa, 410; *Edwards* v. *Freze*, 9 Kan. 417; *Crawford et al.* v. *Richeson et al.* 101 Ill. 351; Thompson on Homesteads, 248-252.

We think the undisputed facts bring this case within the general principle laid down in these authorities. Indeed, any other rule could hardly be reconciled with the various provisions of the statute. Every change of homestead, which the statute expressly provides for, necessarily results in the newly acquired homestead becoming vacant and unoccupied, for a short time at least; and if the rights of homestead were not protected during that time, no one financially involved could with safety make the change.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*